IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT CONWAY, III,** | : | Civil Action No. 1:07-CV-01457 |
| **Plaintiff** | : | |
| v. | : | (Chief Judge Kane) |
| **WARDEN CAMERON LINDSAY,** et al. | : | |
| **Defendants** | : | |

**MEMORANDUM**

**I.    BACKGROUND**

Before the Court is a <u>Bivens</u>[1]-styled action pursuant to 28 U.S.C. § 1331 filed by Plaintiff Robert Conway, III, an inmate presently confined at the United States Penitentiary at Canaan ("USP-Canaan") in Waymart, Pennsylvania. (Doc. No. 1.) Along with his complaint, Plaintiff filed an application to proceed <u>in forma pauperis</u>. (Doc. No. 2.)

Named as defendants in the complaint are the following: Senior U.S. Judge Richard A. Enslen[2]; Cameron Lindsay, Warden of USP-Canaan; F-Unit Manager Lindsay; SIS Lt. Kaszuba; UCC Dept. Staff Jeffery Nickerson of the Michigan Department of State; Regional Director D. Scott Dodrill; Government Agents; and Bureau of Prisons ("BOP"). (Doc. No. 1.) Plaintiff's claims appear to stem from Plaintiff's attempts to collect "government bonds," which he asserts

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). <u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

[2] Plaintiff names this defendant Senior U.S. District Judge Richard Alan Ensled rather than Enslen.

are his property, from Judge Enslen and the Internal Revenue Service ("IRS") as a result of the outcome of Plaintiff's criminal case before the Judge. Specifically, Plaintiff claims that he sought the government bonds, "[a]t a value of $2,000,000.00 each bond, with six for Federal Crimes would be $12,000,000.00 and the Court Appearance Bond at $500,000.00 then the Judgment & Sentence at $500,000.00 which would bring the total price to $13,000,000.00. But Plaintiff then times this by 35% which is the tax payment and the final price came to $4,550,000.00. All of this is done from my Case No. 1:96-cr-24(01)." (Doc. No. 1 at 2-3.) Plaintiff claims that all Defendants violated his constitutional rights when they placed him in the Special Housing Unit ("SHU") pending an investigation into Plaintiff's efforts to recover these bonds from Judge Enslen.

The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal –
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). For the reasons that follow, Judge Enslen and the BOP will be dismissed from the action and the Court will direct service of the complaint on the remaining defendants.

**II.     DISCUSSION**

    **A.     Claims Against Judicial Officers**

Plaintiff's claims against Judge Enslen for monetary relief are barred by the doctrine of judicial immunity. "The Supreme Court has long recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts.[3] Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000). A judge does not forfeit that immunity simply because his action was erroneous, done maliciously, or exceeded his authority. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Judicial immunity does not apply to nonjudicial actions or to actions, that, while judicial in nature, are taken in the complete absence of all jurisdiction. Gallas, 211 F.3d at 768. "Factors which determine whether an act is a 'judicial act' 'relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000) (quoting Stump, 435 U.S. at 362). Generally, where a court has some subject matter jurisdiction, there will be sufficient jurisdiction for purposes of judicial immunity. Figueroa, 208 F.3d at 443-44.

Judge Enslen is entitled to judicial immunity. Plaintiff is complaining about the outcome of his criminal case before Judge Enslen, and is attempting to obtain a specific monetary amount

---

[3] Principles of judicial immunity from suit enunciated in the context of § 1983 actions are equally applicable in the context of a Bivens action. See Brawer v. Horowitz, 535 F.2d 830, 834 (3d Cir. 1976) (stating that policy considerations that warrant judicial immunity from § 1983 actions are equally applicable to Bivens-styled actions). Furthermore, Gallas was an action against a state judicial officer, but the same rule of immunity applies to federal judges. Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006).

from Judge Enslen or through the instant action.[4]  Because the Judge's acts pertaining to Plaintiff's criminal case before him were judicial in nature, the doctrine of judicial immunity bars the action against Judge Enslen.

### B. Claims Against Federal Agencies

Plaintiff names the BOP as a defendant in this Bivens cause of action.  The doctrine of sovereign immunity bars any such claim against this federal agency.  See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  Thus, the BOP will be dismissed from this action.

### C. Claims Against the Remaining Defendants

Plaintiff makes several claims against the remaining defendants.  Specifically, Plaintiff claims that the remaining Defendants Warden Lindsay, Manager Lindsay, Lt. Kaszuba, Nickerson, Dodrill, and unnamed government agents, violated his constitutional rights by unlawfully detaining him in the SHU at USP-Canaan pending the investigation into his filings with Judge Enslen and the IRS; preventing him from communicating with other inmates; and, impeding his attempts to make filings with the government.  (Doc. No. 1 at 4-5.)  To the extent that Plaintiff alleges constitutional violations with respect to these allegations, such as the right

---

[4] In his complaint, Plaintiff seeks relief, in part, in the form of injunctive and declaratory relief.  Specifically, he seeks a temporary restraining order in order to enjoin the Defendants from further detaining him in the SHU.  In addition, he seeks a "Declaratory Judgment to declare the Rights of the Parties Under 28 U.S.C. § [2201]."  (Doc. No. 1 at 5.)  To the extent that he seeks this relief from Judge Enslen, these claims for relief are subject to the bar of judicial immunity.  Section 1983, applicable here, *see supra* note 3, at 3, precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  Plaintiff's complaint here does not allege that either of these prerequisites to injunctive relief were met, and therefore his claim for injunctive relief will be dismissed as to Judge Enslen.  Therefore, Plaintiff's claim for injunctive relief as to Judge Enslen will be dismissed.

to access to the courts, the Court finds that Plaintiff has alleged facts sufficient to present an actionable <u>Bivens</u> claim against the remaining Defendants.[5] <u>See</u> <u>Bivens</u>, 403 U.S. at 397 (stating in order to assert an actionable <u>Bivens</u>-styled claim, a plaintiff must show that federal rights were violated by a person acting under color of federal law); <u>see also</u> <u>Allah v. Seiverling</u>, 229 F.3d 220, 224 n.4 (3d Cir. 2000) ("The right to access to the courts has a number of constitutional roots, including the Due Process Clause and the First Amendment"); <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3d Cir. 2003) (recognizing that "[g]overnment actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right.") (citations omitted).

## III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Defendant Judge Enslen and the Bureau of Prisons from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  Plaintiff's claims with respect to the remaining Defendants may proceed.

An appropriate order will issue.

---

[5] The Court, of course, expresses no opinion on the merits of these claims.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT CONWAY, III,** | : | Civil Action No. 1:07-CV-01457 |
| Plaintiff | : | |
| v. | : | (Chief Judge Kane) |
| **WARDEN CAMERON LINDSAY,** et al. | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 24th day of June, 2008, for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that:

1. Plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. (Doc. No. 2.)

2. The claims against Judge Enslen and Bureau of Prisons are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and those Defendants are **DISMISSED** from this action.

3. The United States Marshal is directed to serve Plaintiff's complaint (Doc. No. 1) on the remaining Defendants named therein.


        S/ Yvette Kane
        Yvette Kane, Chief Judge
        Middle District of Pennsylvania